889 P.2d 608

**In the Matter of a Suspended Member of the State Bar of Arizona, Maurice W. COBURN, Attorney No. 005838, Respondent.**

No. SB–94–0085–D.

Comm. Nos. 92–0984, 92–0985, 92–1108, 92–1143 and 92–1193.

Supreme Court of Arizona.

Jan. 27, 1995.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **MAURICE W. COBURN**, a suspended member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of two years, effective as of April 24, 1993, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **MAURICE W. COBURN** shall contact Stephen Mauer, in writing, to determine the disposition of his legal file.

IT IS FURTHER ORDERED that **MAURICE W. COBURN** shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **MAURICE W. COBURN** shall pay the costs of these proceedings in the amount of $1,382.84, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Disc. Comm. Nos. 92–0984, 92–0985, 92–1108, 92–1143, and 92–1193

In the Matter of

MAURICE W. COBURN,

Attorney No. 005838,

A Suspended Member of the

State Bar of Arizona,

RESPONDENT.

*DISCIPLINARY COMMISSION REPORT*

[Filed Dec. 5, 1994]

The captioned matter came on for hearing before the Disciplinary Commission of the Supreme Court of Arizona on September 17, 1994.

## DECISION

The recommendation of Hearing Officer 9C, the Joint Memorandum in Support of Agreement for Discipline by Consent, the Tender of Admissions and Agreement for Discipline by Consent, the record and the issues having been considered, and a decision having been duly rendered, the Commission, with eight members concurring and one member dissenting,[1] makes the findings set forth below and recommends the adoption of the agreement for discipline by consent providing that the respondent, Maurice W. Coburn ("Coburn"), be suspended for two years commencing April 24, 1993.[2] Further, he shall contact the complainant in Count Three herein, in writing, to determine the disposition of his legal file. In addition, Coburn shall pay the costs and expenses incurred by the State Bar of Arizona.

## FINDINGS OF FACT

The Commission adopts the following findings of fact:

1. Coburn has been an attorney licensed to practice law in the state of Arizona since 1979 and was admitted to the Bar of another jurisdiction in 1952.

## COUNT ONE

2. Coburn represented Client A, who was the beneficiary of a trust created by his late wife. The Trustee was represented by an attorney who was the complainant in Count One.

3. After the date of his suspension from the practice of law on April 24, 1992, Coburn helped Client A prepare three documents: Two letters to the Trustee and a Revocation of Power of Attorney.

4. Coburn did not charge Client A for his assistance after April 24, 1992. Client A was informed that he needed to retain new counsel and he promised to do so.

5. Coburn did not timely notify the complainant attorney of his suspension from the practice of law, as required by Rule 63, Ariz. R.S.Ct. and the Supreme Court order suspending him.

## COUNT TWO

6. Coburn represented Client B in a felony DUI matter in Maricopa County Superior Court. The Prosecutor was the complainant in Count Two.

7. Client B's trial was set for May 19, 1992.

8. On April 24, 1992, before he received notice of the effective date of his suspension, Coburn filed several documents in Client B's case, including a motion to continue the trial.

9. After the effective date of his suspension from the practice of law, Coburn engaged in plea negotiations with the prosecutor on behalf of Client B. Specifically, on May 4, 1992, the Prosecutor returned telephone calls made to her by Coburn previously. They discussed the various motions Coburn had filed and a possible plea agreement. Coburn told the Prosecutor that Client B needed ten days to reconsider the offer which had previously been tendered and refused via a counter-offer.

10. On May 12, 1992 Coburn wrote to the Prosecutor stating that Client B rejected the plea offer and enclosing a stipulation for trial continuance. Coburn also spoke with the Prosecutor on the same day, and he advised her about the plea rejection and discussed his desire to continue the trial. Coburn did not inform the Prosecutor about his suspension.

11. Coburn filed a motion to withdraw from Client B's case on May 4, 1992. In it, Coburn did not disclose that he had been suspended.

12. By letter dated June 10, 1992, the State Bar asked Coburn to respond to the bar complaint filed by the Prosecutor. A follow-up letter was sent on July 10, 1992.

---

1. Commissioner Bossé dissents from the majority.

2. This is the date on which Coburn's prior one-year suspension expired and at which time he could have applied for reinstatement, although he did not do so.

On July 13, 1992 Coburn telephoned bar counsel's office and obtained a ten-day extension of time within which to respond. He related that he had just returned from out of town and found the State Bar's letters. His response was ultimately received on August 19, 1992.

## COUNT THREE

13. In 1986, Client C retained Coburn to handle a personal injury case. On October 1, 1986, Coburn filed a lawsuit on Client C's behalf against a foreign national (the "Defendant").

14. An arbitration hearing was held on March 12, 1991. The Defendant did not participate. The arbitrator entered an award in favor of Client C for $125,000.00.

15. Thereafter, because the Defendant was believed to be in California, Coburn discussed collection of the judgment with two California lawyers. He was unsuccessful in finding a California lawyer to take the case.

16. Coburn conditionally admitted that Client C's case was not pursued as diligently as it should have been. Specifically, although the complaint was filed in a timely manner, Coburn did not thereafter make a concerted effort to expedite the litigation. Coburn also conditionally admits that he did not respond to requests from the court-appointed arbitrator as quickly or as thoroughly as he should have.

17. Client C's bar complaint was sent to Coburn on July 29, 1992, with a request for a written response. A follow-up letter was sent on September 2, 1992. Coburn's response was received on September 14, 1992.

18. Client C claimed that Coburn refused to return his file. However, there is evidence that Coburn, orally and in writing, has offered to give the file to Client C's new counsel. Coburn agrees to contact Client C to ascertain whether he or his new attorney want the file and, if so, to provide the file to the designated individual.

## COUNT FOUR

19. During 1992, Coburn represented Client D, who was a defendant in civil proceedings in Mohave County Superior Court.

20. The trial in Client D's case began on March 20, 1992. It was not completed and was continued until May 5, 1992. On April 8, 1992, Coburn filed a motion to continue the trial because Client D would be unavailable.

21. On April 9, 1992, the Court issued a minute entry setting a telephone conference call for April 17 regarding the motion to continue. On April 17, at the designated time, the Court unsuccessfully attempted to locate Coburn for the argument. Thereafter, the Court denied the motion.

22. On May 1, 1992, Coburn filed a motion to withdraw as counsel.

23. Coburn did not timely inform the opposing party, who was *pro per*, about his suspension.

24. On June 10, 1992, the State Bar sent Coburn the complaint filed by Judge Leonard Langford regarding Client D's matter. A follow-up letter was sent on July 10, 1992. On July 13, 1992, Coburn telephoned bar counsel's office and obtained a ten-day extension of time within which to respond. He related that he had just returned from out of town and found the State Bar's letters. His response was ultimately received on July 27, 1992.

25. Client D was satisfied with Coburn's representation and declined to cooperate with the State Bar's investigation.

## COUNT FIVE

26. In January 1989, Clients E, husband and wife, asked Coburn to prepare new wills for them. They had been referred to Coburn by their legal services plan.

27. Clients E provided documents to Coburn which were misplaced.

28. Coburn did not timely prepare the wills, did not keep in touch with Clients E, and did not inform them when he changed office locations.

29. Coburn received no fee for representing Clients E.

30. By letter dated July 21, 1992, the State Bar sent Coburn the bar complaint filed by Clients E and asked for a written response. No response was received and a second letter was sent on September 14, 1992. Coburn ultimately provided a response dated September 15, 1992.

## COUNT SIX

31. Coburn has a prior disciplinary history: File No. 85–0056, a censure and one-year probation; No. 85–0556, an informal reprimand; No. 87–0514, an informal reprimand; No. 90–2060, an informal reprimand; and Nos. 89–0212 and 89–1026, a one-year suspension.

### CONCLUSIONS OF LAW

Coburn violated ER's 1.3, 1.4, 3.2, 5.5, and 8.1, Rule 51(e), (f), (h), (i), and (k), and Rule 63, Ariz.R.S.Ct.

### DISCUSSION OF DECISION

The Commission found ethical violations occurred, however, it found all but one of the cases involved the winding up of his practice at the time he was suspended. He was suspended as of the day on which the Supreme Court's order was entered and was given only ten days to wind up his practice and notify all of his clients. The other case involved a judgment against a foreign national who was believed to be residing out of state (and could have been out of the country) and from which collection would be difficult at the very least.

Factors considered by the ABA as mitigating factors in its *Standards for Imposing Lawyer Sanctions* and found in this case are the absence of a dishonest or selfish motive, full and free disclosure to disciplinary board, cooperative attitude toward the proceedings, and remorse.

None of Coburn's conduct can be characterized as dishonest or selfish. In fact, some of the misconduct was motivated by Coburn's desire (albeit misplaced) that his clients not be prejudiced by his suspension. Coburn did not profit monetarily by practicing law after the effective date of his suspension. He avowed that he did not accept compensation from any client after April 24, 1992.

Although Coburn had difficulty filing timely responses during the screening phase of the various disciplinary investigations, after the formal complaint was filed, Coburn was very cooperative with the State Bar. In addition, Coburn has expressed remorse for his conduct.

The aggravating factors are prior extensive disciplinary history and substantial experience in the practice of law.

### CONCLUSION

The majority of the Commission therefore recommends that the recommendation of the Hearing Officer be adopted as set forth herein and that Coburn be suspended for two years commencing April 24, 1993. He shall contact the complainant in Count Three in writing to determine the disposition of his legal file. In addition, Coburn shall pay the costs and expenses incurred by the State Bar of Arizona.

RESPECTFULLY SUBMITTED this 26th day of October, 1994.

/s/ Mark D. Rubin
Mark D. Rubin, Chairman
Disciplinary Commission